IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FRANCOIS TEMBI,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security<br><br>  Defendant. | Case No. 3:15-cv-00109-TMB<br><br>ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND AFFIRMING DENIAL OF SOCIAL SECURITY BENEFITS |

I. INTRODUCTION

This matter is before the Court on Plaintiff Francois Tembi's appeal of the administrative denial of his application for Supplemental Security Income ("SSI") payments.[1] Tembi filed an application for SSI on April 10, 2012, claiming he has been disabled since March 30, 2005.[2] The Defendant, the Commissioner of Social Security, denied Tembi's claim on December 17, 2013.[3] Tembi has exhausted his administrative remedies and seeks relief from this Court, arguing that the Commissioner's determination that Tembi is not disabled within the meaning of the Social Security Act ("SSA") is not supported by substantial evidence and applies an erroneous standard of law. Tembi filed this current action seeking a reversal of the Commissioner's decision.[4] The Commissioner opposes, arguing the denial of SSI benefits is supported by substantial evidence

---

[1] Dkt. 14.

[2] Administrative Record (hereinafter "AR") at 80.

[3] AR at 10–23.

[4] Dkt. 14.

1

and is free of legal error.[5] For the reasons set forth below, Tembi's Motion for Summary Judgment is **DENIED** and the Commissioner's disability determination is **AFFIRMED**.

## II. BACKGROUND

Francois Tembi is a 46-year-old currently residing in Anchorage, AK. Tembi grew up in Angola and immigrated to the United States in September 2002.[6] Tembi filed an application for SSI benefits in April 2012, while a student at the University of Louisiana-Lafayette.[7] Tembi claims he is unable to work as a result of a chronic stomach infection due to complications from his treatment for stomach cancer. Tembi also claims he suffers from severe mental problems resulting from witnessing the deaths of family members as a child during Angola's 27-year civil war.[8] On December 17, 2013, the Administrative Law Judge ("ALJ") determined Tembi is not disabled under the SSA and denied his application for SSI benefits.[9] The ALJ's decision is the Commissioner's for purposes of Tembi's 42 U.S.C. § 405(g) appeal.[10]

Tembi appealed the ALJ's denial of benefits, and on June 1, 2015, the Appeals Council denied Tembi's request for review, concluding that Tembi's appeal provided no basis for changing the ALJ's decision.[11] Having exhausted his administrative remedies, Tembi commenced this current action for summary judgment seeking a reversal of the Commissioner's denial of benefits.

---

[5] Dkt. 16.

[6] AR at 164.

[7] AR at 103.

[8] AR at 31.

[9] AR at 10–23.

[10] *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161–62 (9th Cir. 2012) (citing *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011)).

[11] AR at 1–3.

## III. STANDARD OF REVIEW

The findings of the ALJ or Commissioner of Social Security regarding any fact shall be conclusive if supported by substantial evidence.[12] A decision to deny benefits will not be overturned unless it either is not supported by substantial evidence or is based upon legal error.[13] Substantial evidence is defined by the United States Supreme Court as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[14] Such substantial evidence must be "more than a mere scintilla but less than a preponderance."[15] If the evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld.[16] If this Court reverses an ALJ's decision, the proper course is to remand to the agency for additional investigation or explanation.[17]

## IV. DETERMINING DISABILITY

The Commissioner has established a five-step process for determining disability under the SSA.[18] The claimant bears the burden of proof at steps one through four.[19] The burden shifts to the Commissioner at step five.[20]

---

[12] *See* 42 U.S.C. § 405(g).

[13] *Molina v. Astrue*, 674 F.3d 1104, 1110–11 (9th Cir. 2012).

[14] *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

[15] *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

[16] *Gallant v. Heckler*, 753 F.2d 1450, 1453 (9th Cir. 1984).

[17] *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

[18] *See* 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920.

[19] *Tackett*, 180 F.3d at 1098.

[20] *Id.*

**Step One.** The first step is to determine whether the claimant is involved in "substantial gainful activity."[21] The ALJ found Tembi has not engaged in substantial gainful activity since April 10, 2012, the application date.[22]

**Step Two.** The second step is to determine whether the claimant has a medically severe impairment or combination of impairments within the meaning of the regulations.[23] A severe impairment significantly limits a claimant's physical or mental ability to do basic work activities, and does not consider age, education, or work experience.[24] The ALJ found Tembi has the following severe impairment: adjustment disorder, not otherwise specified.[25]

**Step Three.** The third step is to determine whether the impairment is the equivalent of a number of listed impairments in 20 C.F.R. § 404, subpt. P, App. 1 that are so severe as to preclude substantial gainful activity.[26] The ALJ concluded Tembi does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.[27]

**Residual Functional Capacity.** Before proceeding to step four, a claimant's Residual Functional Capacity ("RFC") is assessed.[28] The RFC is what the claimant can still do despite his

---

[21] 20 C.F.R. § 416.920(b).

[22] AR at 15.

[23] 20 C.F.R. § 416.920(c).

[24] *Id.*

[25] AR at 15.

[26] 20 C.F.R. § 404.1520(d).

[27] AR at 16.

[28] 20 C.F.R. § 416.920(a)(4).

or her limitations.[29] The ALJ concluded that Tembi had the RFC to perform medium work, with some non-exertional limitations.[30]

**Step Four.** The fourth step is to determine whether the impairment prevents the claimant from performing past relevant work.[31] If the claimant can still do his or her past relevant work, the claimant is deemed not to be disabled.[32] Otherwise, the evaluation process moves to the fifth and final step. The ALJ concluded that Tembi did not have past relevant work experience pursuant to 20 C.F.R. § 416.965.[33]

**Step Five.** The final step is to determine whether the claimant is able to perform other work in the national economy in view of his or her age, education, and work experience, and in light of the claimant's RFC.[34] If the claimant is capable of performing other work in the national economy, they are deemed not to be disabled. If incapable of performing other work, the claimant is considered disabled.[35] Based on the testimony of the vocational expert, the ALJ found there are jobs that exist in significant numbers in the national economy and that Tembi can perform, including kitchen helper, coffee maker, and janitor.[36]

---

[29] SSR 96-8P, 1996 WL 374184, at *2 (July 2, 1996).

[30] Claimant's limitations are as follows: "[C]an perform detailed, but not complex tasks, can occasionally interact with co-workers, supervisors and the public, but should communicate with co-workers and supervisors 20% of the time or less and 10% of the time or less with the public."). AR at 17.

[31] 20 C.F.R. § 416.920(f).

[32] *Id.*

[33] AR at 21.

[34] 20 C.F.R. § 416.920(g).

[35] *Id.*

[36] AR at 21–22.

After completing the five steps, the ALJ concluded that Tembi was not disabled as defined under the SSA from the date of his application (April 10, 2012) through the date of the ALJ's decision (December 17, 2013).[37] This is the decision adopted by the Commissioner for purposes of this appeal.

## V. DISCUSSION

Tembi challenges the ALJ's decision that he is not disabled as defined under the SSA and therefore not entitled to SSI payments. Tembi's appeal raises two issues: (1) whether the ALJ reasonably evaluated and weighed the medical evidence concerning Tembi's functional limitations, and (2) whether the audiology report Tembi wants to introduce into the Administrative Record should be struck by the Court. These issues are addressed in turn.[38]

1. ***The ALJ reasonably evaluated and weighed the medical evidence concerning Tembi's functional limitations.***

At issue is whether the ALJ reasonably evaluated and weighed the medical evidence with regard to Tembi's functional limitations. In reaching the disability determination, the ALJ considered Tembi's medical evaluations as well as Tembi's own assertions regarding his disability. Tembi argues that the ALJ failed to account for the duration of his hospitalization and treatment in Botswana in 2013.[39] The Commissioner contends that Tembi's claims as to the length of his hospitalization are inconsistent, that Tembi has failed to provide information as to any functional

---

[37] AR at 22.

[38] The Commissioner's briefing also raises the issue of whether the ALJ properly relied on the vocational expert's testimony in reaching the disability determination. *See* Dkt. 16 at 10–11. The Court does not address this issue as it is not raised by the Plaintiff in his appeal and there is no indication from the Court's review of the record that the ALJ improperly relied on the vocational expert's testimony.

[39] Dkt. 14.

6

limitations resulting from his hospitalization in Botswana, and that, on the whole, the ALJ's determination is supported by substantial evidence.[40] After carefully reviewing the entire Administrative Record, the Court concludes that the ALJ properly reviewed and weighed the medical evidence in reaching the disability determination.

    A. <u>Substantial medical evidence supports the ALJ's disability determination.</u>

In making the disability determination, the ALJ considered the evaluations of Dr. Charles Lee, Dr. Pamela Martin, and Dr. Amy Cavanaugh. Dr. Lee and Dr. Martin diagnosed Tembi with a non-severe anxiety disorder and noted there was insufficient evidence to substantiate Tembi's disability claim.[41] The ALJ gave significant weight to the opinion of Dr. Cavanaugh, a clinical psychologist who evaluated Tembi after he filed for disability benefits in 2012.[42] Although Dr. Cavanaugh noted that Tembi demonstrated a stressed demeanor, some memory problems, and difficulty managing finances, she attributed some of these deficits to Tembi's poor cooperation during parts of the evaluation. Dr. Cavanaugh opined that she "[did] not find that the claimant's mental illnesses are functionally impairing."[43] The ALJ accurately noted that "the record does not contain any opinions from treating or examining physicians indicating the claimant is disabled or even has limitations greater than those determined in this decision."[44]

---

[40] [Dkt. 16 at 7](Dkt. 16 at 7).

[41] AR at 43–48.

[42] AR at 21, 164.

[43] AR at 166.

[44] AR at 21.

The ALJ noted that Tembi sought treatment in Botswana in January 2013 for acute stress disorder.[45] Tembi argues that the ALJ erred by failing to account for the duration of his treatment in Botswana as well as for the medications prescribed during that treatment.[46] Tembi highlights two pages in the Administrative Record which purportedly indicate a discharge date of April 2, 2013, and a prescription for the medications Trimipramine and Amitriptyline.[47] Although the ALJ may have failed to note the specific medications and discharge date, these pages contain minimal information and shed little light on Tembi's mental condition and treatment in Botswana, nor do they indicate that Tembi is severely disabled and unable to work.[48] Considering the substantial evidence supporting the ALJ's determination, these incomplete records from Tembi's psychiatric treatment in Botswana are insufficient grounds for overturning the ALJ's disability determination.

> B. The ALJ's adverse credibility findings justify the decision to discount some of the Claimant's subjective complaints.

Given the limited amount of objective evidence of Tembi's alleged impairments, the ALJ also considered the Claimant's credibility. While the ALJ may not "rely on his own observations of the claimant at the hearing as the sole reason for rejecting the claimant's complaints," the ALJ "may use ordinary techniques of credibility evaluation, such as considering the claimant's reputation for truthfulness and any inconsistent statements in [the claimant's] testimony."[49] "In

---

[45] AR at 19.

[46] Dkt. 14 at 2.

[47] Both medications are tricyclic antidepressants. *See Tricyclic Antidepressants and Tetracyclic Antidepressants*, Mayo Clinic (June 28, 2016), http://www.mayoclinic.org/diseases-conditions/depression/in-depth/antidepressants/art-20046983.

[48] *See* AR at 180–81.

[49] *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (quoting *Fair v. Bowen*, 885 F.2d 597, 604 n.5 (9th Cir. 1989)).

8

reaching a credibility determination, an ALJ may weigh consistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors."[50] Inconsistencies in a claimant's reported symptoms and activities can adequately support the ALJ's adverse credibility finding and justify the ALJ's decision to discount some of the claimant's subjective complaints.[51]

Here, the ALJ found "[t]he description of the symptoms and limitations which the claimant has provided throughout the record has generally been inconsistent and unpersuasive."[52] The ALJ struggled to reconcile Tembi's claims of severe disability with his daily activities which included: pursuing a university-level petroleum engineering degree, attending church, occasionally cooking, shopping for groceries, doing laundry and ironing, utilizing public transportation, and otherwise attending to his personal needs.[53] The ALJ also considered Tembi's "unpersuasive appearance and demeanor while testifying." Tembi was treated for stomach cancer in 2005.[54] The ALJ observed that despite Tembi's complaints of chronic stomach pain, he neither appeared to be in discomfort during the hearing nor did he present himself as an individual entirely incapable of managing his

---

[50] *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).

[51] *See Berry v. Astrue*, 622 F.3d 1228, 1235 (9th Cir. 2010).

[52] AR at 19. For example, the ALJ asked Tembi during the hearing how he was unable to do basic math during his evaluation with Dr. Cavanaugh, yet was able to achieve passing grades in a petroleum engineering degree. AR at 34.

[53] AR at 19.

[54] AR at 117.

own daily living activities.[55] Based on the medical record, the ALJ found that Tembi's "stomach cancer has been resolved with limited symptoms remaining."[56]

Based on both the inconsistencies in Tembi's reported symptoms and his daily activities as well as Tembi's demeanor and appearance during the hearing, the ALJ found that Tembi's claims about his level of disability were not credible.[57] The Court will not second-guess the ALJ's determination on this issue. Because there is substantial evidence to support the ALJ's disability determination and the determination is not based on any legal error, the Court must uphold the ALJ's conclusion.[58]

   2. ***The exhibit Tembi offers with respect to his 2015 audiology test is not part of the Administrative Record and cannot be considered by the Court in this appeal.***

The Commissioner argues that certain exhibits filed by Tembi contained in docket 14-1 are not properly before the Court and should be struck.[59] Docket 14-1 includes the two pages of medical forms purportedly from the hospital in Botswana where Tembi received psychiatric treatment in 2013. These pages are discussed above and are properly before the Court as part of the Administrative Record at pages 180 and 181. Additionally, Tembi included in docket 14-1 the results of an audiology test conducted on June 3, 2015, by Dr. Thomas McCarty in Anchorage.[60]

---

[55] AR at 20.

[56] AR at 16.

[57] AR at 19 ("Essentially, the claimant's allegations of a mental impairment which would preclude the work set forth in the hypothetical are not credible.").

[58] *Molina*, 674 F.3d at 1110–11.

[59] Dkt. 16 at 2.

[60] Dkt. 14-1 at 4.

This page was not previously submitted by Tembi to the ALJ or to the Appeals Council and is not a part of the Administrative Record.

42 U.S.C. § 405(g) provides for federal court review of final decisions of the Commissioner. The Court is limited in its review to those documents and exhibits contained in the Administrative Record as well as evidence submitted to the Appeals Council so long as the evidence relates to the period on or before the ALJ's decision.[61] A claimant is not entitled to supplement the record or to a remand to consider new evidence where the evidence submitted is not material to the ALJ's disability determination.[62] Here, the audiology exam is from June 2015, a year and a half after the ALJ issued her decision. Tembi has not explained how the audiology report, completed well after the ALJ's decision, demonstrates that Tembi was disabled when he filed for SSI benefits in 2012. Because the report is neither a part of the Administrative Record nor is it material to the ALJ's decision in this case, Tembi is not entitled to supplement the record. Accordingly, the Commissioner's motion to strike the audiology exam from docket 14-1 (page 4 of 4) is **GRANTED**.

## VI. CONCLUSION

The Court has carefully reviewed the administrative record. For the foregoing reasons, the Court concludes that the ALJ's decision is supported by substantial evidence and contains no legal errors. Accordingly, the Claimant's Motion for Summary Judgment at **docket 14** is **DENIED** and the Commissioner's disability determination is **AFFIRMED**.

IT IS SO ORDERED.

---

[61] *Brewes*, 682 F.3d at 1162.

[62] *Allums v. Colvin*, No. 14-15751, 2016 WL 1622075, at *2 (9th Cir. Apr. 25, 2016).

Dated at Anchorage, Alaska, this 20th day of September, 2016.

        /s/ Timothy M. Burgess
        TIMOTHY M. BURGESS
        UNITED STATES DISTRICT JUDGE